UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MORTIMER EXCELL,

        Plaintiff,

  -v.-              9:05-CV-1231
                  (LEK)(GJD)

JOHN W. BURGE, Superintendent;
CAPTAIN ROURKE; CAPTAIN
GUMMERSON; D. HESS; G. SIMONS;
DEVITO, Correctional Officer; M. BRAY,
Correctional Officer; J. SOURWINE,
Correctional Officer; SERGEANT
LABETZ; and R. HEAD,

        Defendants.

APPEARANCES:

MORTIMER EXCELL
Plaintiff, *pro se*

LAWRENCE E. KAHN, U.S. District Judge

## ORDER

  The Clerk has sent to the Court a civil rights complaint, together with an application to proceed *in forma pauperis*, submitted for filing by Mortimer Excell ("plaintiff"). Dkt. Nos. 1, 2. Plaintiff has also submitted a request to voluntarily dismiss Captain Gummerson as a defendant. Dkt. No. 5. Plaintiff is currently incarcerated at Upstate Correctional Facility and has not paid the filing fee required for this action.

**I. Complaint**

  In his *pro se* complaint, plaintiff alleges, *inter alia*, that he was denied the right to freely practice his religion, issued false misbehavior reports, and retaliated against for filing grievances and on account of his religion. For a more complete statement of

plaintiff's claims, reference is made to the entire complaint.

## II.     *In forma pauperis* application

As to plaintiff's *in forma pauperis* application, after reviewing the entire file, the Court finds that the plaintiff may properly proceed with this matter *in forma pauperis*.

## III.    Request to voluntarily dismiss defendant Gummerson

Plaintiff asks that defendant Captain Gummerson be dismissed as a defendant to this action. Dkt. No. 5. Plaintiff states that because he does not have enough money for all of the copies of the complaints required for service, he would like to remove Captain Gummerson as a defendant. Plaintiff alleges that he has sent in nine copies of the complaint for service upon the remaining nine defendants.

Since the allegations against Gummerson are tenuous at best,[1] and plaintiff himself does not want to proceed against Gummerson, plaintiff's request to voluntarily dismiss Captain Gummerson as a defendant to this action is granted.

WHEREFORE, it is hereby

---

[1] The only allegations against Captain Gummerson are that plaintiff complained to Gummerson regarding the alleged misconduct of some of the other defendants, but received no response from Gummerson. The personal involvement of a defendant is a prerequisite for the assessment of damages in a section 1983 action, McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977). The fact that plaintiff may have complained to Gummerson regarding alleged wrongdoing of staff does not by itself render the supervisory official responsible for any constitutional violation. See Thomas v. Coombe, No. 95 Civ. 10342(HB), 1998 WL 391143, at *6 (S.D.N.Y. July 13, 1998) (ignoring letter insufficient for personal involvement); Young v. Kihl, 720 F. Supp. 22, 23 (W.D.N.Y. 1989) (the wrong must have "been capable of mitigation at the time the supervisory official was apprised thereof"); Woods v. Goord, No. 97 CIV. 5143(RWS), 1998 WL 740782, at *6 (S.D.N.Y. Oct. 23, 1998) (receiving letters or complaints does not automatically make a supervisor liable for the denial of medical care).

**ORDERED**, that pursuant to plaintiff's request, defendant Captain Gummerson is **DISMISSED as a defendant** to this action; and it is further

**ORDERED**, that plaintiff's *in forma pauperis* application is **GRANTED**.[2]  The Clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the named defendants.  The Clerk shall forward a copy of the summons and complaint by mail to the Office of the Attorney General for the State of New York, together with a copy of this Order; and it is further

**ORDERED**, that the Clerk provide the Superintendent of the facility, designated by plaintiff as his current location, with a copy of plaintiff's authorization form, and notify the official that this action has been filed and that plaintiff is required to pay the entire statutory filing fee of $250.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED**, that the Clerk provide a copy of plaintiff's authorization form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED**, that a response to plaintiff's complaint be filed by the defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on the defendants; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any**

---

[2] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned, without processing.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so will result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court; and it is further

    **ORDERED**, that the Clerk serve a copy of this Order on all parties by regular mail.

    IT IS SO ORDERED.

DATED:    November 03, 2005
              Albany, New York

Lawrence E. Kahn
U.S. District Judge