UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MORTIMER EXCELL,

        Plaintiff,

v.                                         9:05-CV-1231 (GTS/GJD)

JOHN W. BURGE, Superintendent; *et al.*,

        Defendants.
_____

APPEARANCES:                    OF COUNSEL:

MORTIMER EXCELL, 96-R-8355
   Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ANDREW M. CUOMO          ADELE M. TAYLOR-SCOTT, ESQ.
Attorney General for the State of New York
   Counsel for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

     Currently before the Court in this *pro se* prisoner civil rights action is Plaintiff's motion for reconsideration of District Judge Lawrence E. Kahn's Decision and Order of September 25, 2008, approving and adopting Magistrate Judge Gustave J. DiBianco's Report-Recommendation of September 10, 2008. (Dkt. No. 60.) For the reasons set forth below, Plaintiff's motion is denied.

Plaintiff's motion is not a typical motion for reconsideration, which is subject to a somewhat rigid analysis.[1]  Rather, liberally construed, Plaintiff's motion requests that the Court amend and/or supplement Judge Kahn's Decision and Order of September 25, 2008, because Plaintiff did not have an adequate opportunity to object to Magistrate Judge DiBianco's Report-Recommendation of September 10, 2008.  (Docket Sheet Minute Entry for 11/04/2008; *see also* Dkt. No. 56.)[2]  Plaintiff argues that he did not have such an opportunity because (between September 10, 2008, and September 25, 2008) he never received notice of Magistrate Judge DiBianco's Report-Recommendation.  (Dkt. No. 56.)  For these reasons, out of special solicitude to Plaintiff, the Court will treat his motion for reconsideration as having the legal effect of a timely Objection to Magistrate Judge DiBianco's Report-Recommendation of September 10, 2008.

Plaintiff's motion challenges *only* the portion of Magistrate Judge DiBianco's Report-Recommendation that recommended that the Court dismiss (and the portion of Judge Kahn's Decision and Order that did dismiss) Plaintiff's claims against Defendant R. Head.  (Dkt. No. 60, at 2-4.)[3]  Liberally construed, Plaintiff's motion papers assert two arguments in support of this

---

[1] Generally, a court may justifiably reconsider its previous ruling if "[1] there has been an intervening change in controlling law, [2] there is new evidence, or [3] a need is shown to correct a clear error of law or to prevent manifest injustice." *U.S. v. Sanchez*, 35 F.3d 673, 677 (2d Cir. [citations omitted]), *cert. denied*, 514, U.S. 1038 (1995); *accord*, *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.) [citations omitted], *cert. denied*, 464 U.S. 864 (1983); 18B Wright & Miller, *Federal Practice and Procedure* § 4478, at 670-691 (2d ed. 2002 & Supp. 2009) [citations omitted].

[2] *See Valdivia v. Orosco*, 105 F. App'x 251, 252 (10th Cir. 2004) (construing letter from plaintiff, alleging she never receive magistrate judge's report-recommendation, as motion for reconsideration).

[3] As a result, the remainder of Judge Kahn's Decision and Order (which adopted Magistrate Judge DiBianco's Report-Recommendation on a clear-error review) need not be, and is not, reconsidered in this Decision and Order.

request: (1) it would not be fair to dismiss Defendant Head from the case since Plaintiff will "need" to call Defendant Head as a witness at trial in order to elicit testimony from him regarding his personal knowledge (based on his role as a hearing officer) of the "ongoing [r]eligious discrimination" that Plaintiff experienced during the time period in question; and (2) Defendant Head was improperly dismissed from the case since he tried to "cover up" the actions of the other Defendants, and he threw Plaintiff out of a hearing on August 14, 2005 when Plaintiff attempted to assert his claims of retaliation and/or religious discrimination.  (*Id*. at 2-4.)

Plaintiff's first argument is without merit.  As an initial matter, whether or not a plaintiff will "need" to call an individual at trial has no bearing on whether or not that plaintiff has adduced admissible record evidence from which a rational fact-finder could conclude that the individual had violated any of the plaintiff's constitutional rights, sufficient to survive the individual's motion for summary judgment under Fed. R. Civ. P. 56.  In any event, the Court notes that, under the circumstances, Plaintiff does not need Defendant Head to remain a party in this in order to call him as a witness at trial, for two reasons: (1) generally, a plaintiff has the right to request that the Court issue a subpoena compelling the attendance of a witness in a civil trial, pursuant to Fed. R. Civ. P. 45 (and 28 U.S.C. § 1821); and (2) here, it is very possible that Plaintiff will be appointed standby trial counsel who will help him to (among other things) subpoena trial witnesses.  (*See* Dkt. No. 49, at 2 [Order filed March 3, 2008, denying Plf.'s Third Motion for Appointment of Counsel, indicating that the Court would consider another such motion by Plaintiff at "such time as a trial date has been scheduled for this action.") [emphasis removed].)[4]

---

[4] Plaintiff is referred to the Northern District's *Pro Se* Handbook, which contains general advice about the subpoenaing of trial witnesses.  *See* U.S. N.D.N.Y. *Pro Se* Handbook, at 33-34, 44, 46 http://www.nynd.uscourts.gov/documents/ProSeHandbook2008.pdf [last visited Jan. 20, 2009].  It should be noted that, to assist *pro se* litigants, the Clerk of the Court for the

Plaintiff's second argument is also with merit.  After carefully reviewing Defendants' motion papers (Dkt. No. 39), and Plaintiff's response papers (Dkt. No. 50), and after conducting a *de novo* review of the portions of Magistrate Judge DiBianco's Report-Recommendation that recommend the dismissal of Plaintiff's claims against Defendant Head (Dkt. No. 52, at 7-8, 11, 15, 18-21, 23-24), the Court can find no error in those portions of Magistrate Judge DiBianco's Report-Recommendation.  It should be noted that, to the extent that Plaintiff is basing his second argument on evidence that was not submitted to Magistrate Judge DiBianco,[5] the Court rejects such evidence since Plaintiff has offered no justification for not submitting that evidence to Magistrate Judge DiBianco.[6]  Finally, the Court denies any request that Plaintiff is making pursuant to Fed. R. Civ. P. 56(f) as untimely and without cause.[7]

---

Northern District of New York has provided to all correctional facilities in New York State copies of the Northern District's *Pro Se* Handbook.

[5]     (*Compare* Dkt. No. 50, at 6-32 [Plf.'s Opp. Papers, adducing record evidence] *with* Dkt. No. 60, at 1-2 [Plf.'s Motion for Reconsideration, citing the pretrial "witness and exhibit lists" he incorporates into his motion papers].)

[6]     On *de novo* review, "[t]he judge may . . . receive further evidence . . . ."  28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at *18, n.8 (S.D.N.Y. Sept. 30, 1993) (declining to consider affidavit of expert witness that was not before magistrate) [citation omitted].

[7]     (*See* Dkt. No. 60, at 2 [Plf.'s Motion for Reconsideration, requesting that Defendant "hand over" to him a copy of a DOCS Directive, a list of Rastafarian inmates, and a copy of a "Master Callout Form"].)

ACCORDINGLY, it is

ORDERED that Plaintiff's motion for reconsideration (Dkt. No. 60) is **DENIED**; and it is further

ORDERED that those portions of Magistrate Judge Gustave J. DiBianco's Report-Recommendation of September 10, 2008, that recommended the dismissal of Plaintiff's claims against Defendant Head (Dkt. No. 52, at 7-8, 11, 15, 18-21, 23-24) are **APPROVED** and **ADOPTED** in their entirety, based on a *de novo* review of those portions, for the reasons stated above in this Decision and Order; and its further

ORDERED that the remaining portions of Magistrate Judge DiBianco's Report-Recommendation (Dkt. No. 52) are **APPROVED** and **ADOPTED** in their entirety, based on a clear-error review of those portions, for the reasons stated in District Judge Lawrence E. Kahn's Decision and Order of September 25, 2008 (Dkt. No. 53).

Dated: January 21, 2009
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge