

U.S. DISTRICT COURT - N.D. OF N.Y.

**FILED**

DEC 1 0 2009

AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Syracuse

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MORTIMER EXCELL,

           *Plaintiff,*

     -against-

JOHN BURGE, *et al.*,

         *Defendants.*

---

**STIPULATION AND
ORDER OF
DISCONTINUANCE
PURSUANT TO RULE
41(A)**

05-CV-1231

GLS/GJD/VEB[Mediation]

    IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the plaintiff

*pro se* Mortimer Excell and the attorneys for the defendants, parties to the above entitled action, that,

whereas no party hereto is an infant or incompetent person for whom a committee has been

appointed, and no person not a party has an interest in the subject matter of this action, the above

entitled action be and the same hereby are settled on the particular circumstances of this case, on the

following terms and conditions, which it is agreed are of and shall have no legal precedential value

in any other case either between the parties to this case or any other parties:

    1.  Plaintiff discontinues this action with prejudice and without damages, costs, interest

or attorneys fees, and discharges and releases defendants and the State of New York, including its

agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands,

or causes of actions, known or unknown, now existing or hereafter arising, whether presently

asserted or not, which relate in any way to the subject matter of this action, and further agrees to

discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation or claims against the defendants and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned action, or any results of the aforementioned facts, circumstances or incidents, except as specifically provided in paragraph 5 of this settlement.

2.      This action is hereby discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

3.      The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the consolidated action.

4.      This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions.  The settlement of this consolidated action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to.  This settlement does not form and shall not be claimed as any precedent for, or an agreement by the parties to any generally applicable policy or procedure in the future.

5.      Following the execution of this stipulation, and its being ordered by the Court:

a.      plaintiff shall be paid the sum of three thousand ($ 3,000.00) dollars, in full settlement of any and all claims.  This amount includes all sums to which plaintiff is entitled, including but not limited to damages, costs, and attorney's fees.  This amount will be paid by check.  The check will be mailed to plaintiff at the

2

confinement facility  where plaintiff is incarcerated at the time payment is made for

deposit into plaintiff's facility inmate account.. If plaintiff is no longer incarcerated

within the United States at the time payment is made, plaintiff's check will be mailed

to plaintiff at an address provided by plaintiff to defendants' counsel at the time of
he desires the check to be mailed upon his release from incarceration, to defendants'

counsel ; and

b.      plaintiff shall execute a Stipulation of Discontinuance and Dismissal with prejudice

for the actions captioned:

*Excell v. Goord, 07-CV-305 [NDNY];*

*Excell v. Fischer, 08-CV-0945 [NDNY],*

6.      Payment of the amount specified in paragraph 5 is conditioned on the approval of

all appropriate state officials in accordance with the provisions for indemnification under section 17

of the New York Public Officers Law.

7.      Payment of the amount in paragraph 5 will be made within one hundred and twenty

(120) days after the approval of this stipulation by the Court and receipt by defendants' counsel of

a copy of the so-ordered stipulation, unless the provisions of Chapter 62 of the Laws of 2001 of the

State of New York apply to plaintiff, in which event, the one hundred twenty (120) day payment

period shall be extended by an additional thirty (30) days to allow for compliance with that law, BUT

no interest shall accrue if plaintiff does not provide an address to defendants' counsel upon his

release from incarceration as described in paragraph 5 above.

3

8.     In the event that the terms of paragraph 6 are satisfied, but payment is not made within the 120 day period set forth in paragraph 7, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the one hundred and twenty-first day after court approval.

9.     The foregoing constitutes the entire agreement of the parties.

Dated: Batavia, New York
       December 9, 2009

_Mortimer Excell_

Mortimer Excell, NYS DIN: 99-A-3027
Plaintiff *pro se*
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

Dated: Albany, New York
       December 9, 2009

ANDREW CUOMO
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

By: _____

Bruce J. Boivin
Assistant Attorney General, of Counsel
Bar Roll No. 507894
Telephone: 518-473-5093
Email: Bruce.Boivin@oag.state.ny.us

Dated:    Albany,, New York
          December 9, 2009

          SO ORDERED:

HON. VICTOR E. BIANCHINI
VISITING UNITED STATES MAGISTRATE JUDGE

4